IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| S & H INDUSTRIES, INC., § | |
| § | |
| Plaintiff, § | |
| V. § | |
| § | |
| KARL SELANDER, individually and § | |
| d/b/a ATCOA, INC. a/k/a AIR TOOL § | |
| CORP. OF AMERICA; DONALD H. § | CIVIL ACTION NO. _____ |
| LOKKE, individually and d/b/a LOKKE § | |
| ADVERTISING and ATCOA, INC. a/k/a § | |
| AIR TOOL CORP. OF AMERICA; § | |
| NETPRPRO, INC.; and ATCOA, INC. § | |
| a/k/a AIR TOOL CORP. OF AMERICA, § | |
| § | |
| Defendants. § | |
| § | |

**PLAINTIFF'S ORIGINAL COMPLAINT, JURY DEMAND AND
APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

Plaintiff S & H Industries, Inc., for its Original Complaint against Defendants Karl Selander, individually and d/b/a ATCOA, Inc. a/k/a Air Tool Corp. of America, Donald H. Lokke, individually and d/b/a Lokke Advertising and ATCOA, Inc. a/k/a Air Tool Corp. of America, netPRpro, Inc., and ATCOA, Inc. a/k/a Air Tool Corp. of America (collectively "Defendants"), alleges the following:

**I.**

**PARTIES**

1.   Plaintiff, S & H Industries, Inc. ("Plaintiff" or "S & H") is a corporation organized under the laws of the State of Ohio with a principal place of business is 14577 Loraine Avenue, Cleveland, Ohio 44111.

2. Defendant Karl Selander is, on information and belief, a Texas resident and is doing business as ATCOA, Inc. a/k/a Air Tool Corp. of America. Mr. Selander may, on information and belief, be served at 7721 El Padre Lane, Dallas, Texas 75248 and/or 15531 Branchcrest Circle, Dallas, Texas 75248 and/or 108 River Knoll, Castroville, Texas 78009.

3. Defendant Donald H. Lokke is a Texas resident and is, on information and belief, doing business as Lokke Advertising and ATCOA, Inc. a/k/a Air Tool Corp. of America. Mr. Lokke may be served at 7721 El Padre Lane, Dallas, Texas 75248.

4. Defendant netPRpro, Inc. is a corporation organized under the laws of the State of Texas with a principal office at 6106 Long Prairie Road, No. 744-144, Flower Mound, Texas 75028. Defendant netPRpro, Inc. may be served through its Director, Donald Lokke at 7721 El Padre Lane, Dallas, Texas 75248 and/or through its Director and Registered Agent, Ross L. Jones, at 6106 Long Prairie Road, No. 744-144, Flower Mound, Texas 75028.

5. Defendant ATCOA, Inc. a/k/a Air Tool Corp. of America is, on information and belief, and inactive and/or sham corporation which is not registered to do business in the state of Texas. ATCOA, Inc. a/k/a Air Tool Corp. of America may, on information and belief, be served at 7721 El Padre Lane, Dallas, Texas 75248 and/or 15531 Branchcrest Circle, Dallas, Texas 75248 and/or 108 River Knoll, Castroville, Texas 78009.

## II.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121, as this action is predicated upon a federal question involving trademarks. This Court also has supplemental jurisdiction over the claims in Counts three and four pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

7.  Defendants are residents of the State of Texas and/or have had continuous and systematic contacts with Texas and this District sufficient for this Court to establish personal jurisdiction over Defendants.

8.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial district and since Defendants, upon information and belief, reside in the Northern District of Texas.

## III.

## FACTUAL BACKGROUND

**A. Plaintiff's Background and Marks**

9.  Beginning in March of 1982, non-party Allan Air Products, Inc. ("Allan") began using the mark VIKING (the "VIKING Mark") in commerce in connection with its manufacturing and sales a wide variety of goods and services identified as hand-held, air-operated power tools, namely filing, sanding, and drilling tools and replacement parts therefore. Allan obtained U.S. Trademark Registration No. 1,810,473 for the VIKING Mark on December 14, 1993. A true and correct copy of U.S. Trademark Registration No. 1,810,473 is attached hereto as Exhibit A.

10. Allan assigned the VIKING Mark to Viking Air Tool Company, Inc. on or about September 1, 1993, and the mark was later assigned to Viking Industries, LLC ("Viking Industries") on or about August 14, 2003.

11. Beginning in March 2004, Viking Industries began using the logo ⓋVIKING (the "VIKING Logo") in commerce in connection with its manufacturing and sales of a wide variety of goods and services identified as hand-held, air-operated power tools, namely filing, sanding, and drilling tools and replacement parts therefore. Viking Industries obtained U.S.

Trademark Registration No. 3,043,482 for the Viking Logo on January 17, 2006. A true and correct copy of U.S. Trademark Registration No. 3,043,482 is attached hereto as <u>Exhibit B</u>.

12. On or about May 1, 2006, Plaintiff acquired Viking Industries and all of its assets, including all of its intellectual property and trademark rights, pursuant to an Asset Purchase Agreement. Effective May 1, 2006, Viking Industries specifically sold, assigned, transferred, and conveyed the VIKING Mark and VIKING Logo, including the federal registrations therefore, to S & H. A true and correct copy of the Trademark Assignment on file with the Trademark Office is attached hereto as <u>Exhibit C</u>. A true and correct copy of the Trademark Assignment Abstract of Title for the VIKING Mark, as viewable on the United States Patent and Trademark Office ("USPTO") website, is attached hereto as <u>Exhibit D</u>. A true and correct copy of the Trademark Assignment Abstract of Title for the VIKING Logo, as viewable on the USPTO website, is attached hereto as <u>Exhibit E</u>.

13. Since acquiring Viking Industries' assets, including the VIKING Mark and VIKING Logo, in 2006, Plaintiff has been engaged in the business of, among other things, manufacturing and selling a wide variety of goods and services identified as hand-held, air-operated power tools, namely filing, sanding and drilling tools in connection with the VIKING Mark and VIKING Logo.

14. Plaintiff and its predecessors have grown and developed the Viking goods and services into a nationwide and worldwide market and have become known and recognized in the industry, having gained prominence in connection with the VIKING Mark and VIKING Logo.

15. Plaintiff has received attention in the automotive, construction, industrial and welding markets for its high quality, hand-held, pneumatic sanding and drilling tools associated with its VIKING Mark and VIKING Logo. Plaintiff has extensively and continuously promoted

its goods and services using the VIKING Mark and VIKING Logo by advertising, attending trade shows, meeting with potential customers, and through exposure on its website at www.shindustries.com.

### B.  Defendants' Unlawful Activities

16. During June 2010, Plaintiff became aware that Defendant Selander d/b/a ATCOA, Inc. was using, without authorization Plaintiff's VIKING Mark in interstate commerce to identify Defendants' goods and services, also identified as hand-held, air-operated, power tools.

17. On June 8, 2010, S & H's counsel sent Selander a letter, putting him on notice of Plaintiff's rights to the VIKING Mark for use in connection with sanding and drilling tools. A true and correct copy of the June 8, 2010 letter is attached hereto as Exhibit F.

18. In response, Selander's counsel, on behalf of Selander and ATCOA, Inc., sent a letter to counsel for S & H on June 29, 2010 agreeing to: (1) terminate the use of the VIKING Mark in conjunction with the sales of air-operated, in-line sanding and drilling tools and (2) to destroy certain documents, materials, electronic files and products bearing that trademark. Selander's counsel additionally indicated that Selander's website bearing the VIKING Mark had been deactivated. A true and correct copy of the June 29, 2010 letter from counsel for Selander is attached hereto as Exhibit G.

19. During September 2011, Plaintiff became aware that Defendants were again using, without authorization, Plaintiff's registered trademarks in interstate commerce to identify their goods and services, consisting of hand-held, air-operated, power tools used for filing and sanding.

20. In this regard, Defendants created and/or caused to be created the website www.atcoa.com to advertise Defendants' products. On the website, Defendants make prominent

use of the VIKING Mark in association with their hand-held, air operated sanding and drilling tools. True and correct copies of screen shots from www.atcoa.com are attached hereto as Exhibit H.

21. The website www.atcoa.com is currently registered to Defendant Lokke Advertising and lists the administrative contact as Don Locke, with an address at 7721 El Padre Lane, Dallas, Texas 75248. A true and correct copy of the WHOIS record identifying the registrant of the website www.atcoa.com is attached hereto as Exhibit I.

22. The address listed on the website for ATCOA, Inc. is 15531 Branchcrest Circle, Dallas, Texas 75248. This address is mere blocks from 7721 El Padre Lane, Dallas, Texas 75248, the address listed for Lokke Advertising on the WHOIS record for the website. Dallas property records indicate that the property located at 7721 El Padre Lane, Dallas, Texas 75248 is owned by Donald Lokke, whereas the property located at 15531 Branchcrest Circle, Dallas, Texas 75248 is owned by Paul W. and Loria A. Lokke. Dallas Central Appraisal District Records reflecting the ownership of these two properties are attached hereto as Exhibit J.

23. Defendants have also created and/or caused to be created the website located at www.atcoaairtools.com to promote Defendants' goods and services. On that website Defendants admit that S & H has notified them of its rights to the VIKING Mark. Defendants also attempt to defend their ongoing use of that mark in association with hand-held, air operated sanding and drilling tools, while conspicuously using the VIKING Mark to advertise and identify their products. True and correct screen shots from the website located at www.atcoaairtools.com are attached hereto as Exhibit K.

24. The website located at www.atcoaairtools.com is currently registered to Lokke Advertising and lists the administrative contact as Don Lokke, with an address at 7721 El Padre

**PLAINTIFF'S ORIGINAL COMPLAINT, JURY DEMAND AND**
**APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**
D-2007017_1.DOC

- 6 -

Lane, Dallas, Texas 75248. A true and correct copy of the WHOIS record identifying the registrant of the website www.atcoaairtools.com is attached hereto as Exhibit L.

25. Defendants have additionally uploaded and/or caused to be uploaded on YouTube at least twenty-four videos featuring Defendant Selander wherein he makes repeated and prominent use of the VIKING Mark in association with Defendants' hand-held, air-operated sanding and drilling tools. A true and correct printout from www.youtube.com reflecting these video listings is attached hereto as Exhibit M.

26. Defendants posted a press release dated July 10, 2011 on the Lamborgini [sic] car news blog hosted by blogspot.com wherein Defendants again made prominent use of the VIKING Mark in association with Defendants' hand-held, air operated sanding and drilling tools. The press release states that it was issued by Defendant netPRpro, Inc. A true and correct copy of the July 10, 2011 press release is attached hereto as Exhibit N.

27. Defendants posted a press release dated July 30, 2011 on the website Business News Point at http://businessnewspoint.com/for-auto-body-repairs-atcoa-advances-super-viking-straight-line-sanders/ wherein Defendants again made prominent use of the VIKING Mark. The press release states that it was issued by Defendant netPRpro, Inc. A true and correct copy of the July 30, 2011 press release is attached hereto as Exhibit O.

28. Defendants posted press releases dated August 21, 2011 and August 23, 2011 on the website Press Release for Free at http://pressreleaseforfree.com/atcoa-offers-original-super-viking-dual-straight-line-sanders-for-hot-rod-builders-429.html and at http://pressreleaseforfree.com/atcoa-offers-original-straight-line-sander-manufacturer-for-top-body-results-898.html. In both of these postings, Defendants make conspicuous use of the VIKING Mark. Both press releases state that they were issued by Defendant netPRpro, Inc. True

and correct copies of the August 21, 2011 and August 23, 2011 press releases are attached hereto as Exhibit P.

29. Defendants posted a press release dated September 5, 2011 on the website Business Data Press at http://businessdatapress.com/for-auto-body-craftsmen-atcoa-advances-super-viking-straight-line-sander/ wherein Defendants again made conspicuous use of the VIKING Mark. The press release states that it was issued by Defendant netPRpro, Inc. A true and correct copy of the September 5, 2011 press release is attached hereto as Exhibit Q.

30. Defendants posted at least 32 press releases between August 21, 2011 and September 26, 2011 on the website Dallas Backpage.com at http://dallas.backpage.com/GeneralCommunity/?keyword=atcoa wherein Defendants again made prominent use of the VIKING Mark. A true and correct copy of the July 30, 2011 press release is attached hereto as Exhibit R.

31. Defendant Selander has created and/or caused to be created "tweets" on the website located at http://twitter.com#atcoa to promote Defendants' goods and services. In many of those "tweets," Defendant Selander uses Plainitiff's VIKING Mark to promote Defendants' products. A true and correct copy of Defendant Selander's Twitter posts is attached hereto Exhibit S.

32. As a consequence of Defendants' infringement, Plaintiff has suffered and will continue to suffer irreparable injury, the exact nature, extent and amount of which cannot be ascertained at this time. Therefore, in addition to other remedies, Plaintiff is also entitled to injunctive relief.

## IV. CAUSES OF ACTION

*Count One: Violation of Sections 32 of the Lanham Act, 15 U.S.C. § 1114*

33. Plaintiff incorporates by reference every allegation contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff owns and uses its registered, federal trademarks, the VIKING Mark and the VIKING Logo.

35. On information and belief, and as set forth above, Defendants have used and continue to use in commerce reproductions, counterfeits, copies, and/or colorable imitations of the VIKING Mark and VIKING Logo in connection with the sale, offering for sale, distribution, or advertisement of goods and/or services, including hand-held, air-operated power tools for filing, sanding, and drilling, and such use is likely to cause confusion, to cause mistake, and to deceive in violation of 15 U.S.C. § 1114.

36. Plaintiff has been damaged, and is likely to continue to be damaged, by Defendants' infringement of its registered trademarks.

37. Plaintiff is entitled to damages under 15 U.S.C. § 1117, including its actual damages, Defendants' profits from the infringement, and the costs of this action pursuant to § 1117(a).

38. Plaintiff is also entitled to attorneys' fees, costs and treble damages, as Defendants' conduct was knowing and willful and this case is exceptional under § 1117(a).

*Count Two: Violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125*

39. Plaintiff refers to and incorporates by reference the factual allegations contained in Paragraphs 1 through 38 as though set forth fully herein.

40. On information and belief, Defendants have advertised, marketed, and sold

products and services using their infringing Viking marks without authorization from Plaintiff. Defendants' infringing Viking marks are identical or confusingly similar to the VIKING Mark and VIKING Logo.

41. Defendants have, in connection with their goods and services, used in commerce a word, term, name, symbol, or device, a combination thereof, and/or a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, and association of Defendants with Plaintiff, Plaintiff's products and services, Plaintiff's trademarks, and as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiff in violation of 15 U.S.C. § 1125(a)(1)(A).

42. On information and belief, in connection with their sale of products and services through use of their infringing marks, Defendants have used marks that are identical or confusingly similar to the VIKING Mark and VIKING Logo in commercial advertising or promotion, and thus have misrepresented the nature, characteristics, qualities, and/or geographic origin of Defendants' products in violation of 15 U.S.C. § 1125(a)(1)(B).

43. Plaintiff has no control over the nature or quality of the products and services sold and offered for sale by Defendants. Any failure, neglect, or default of Defendants in advertising, marketing, or selling their products and services to consumers will reflect adversely upon Plaintiff as the believed source of origin and/or approval of the products and services.

44. Such adverse reflection will severely frustrate efforts by Plaintiff to continue to protect its outstanding reputation for high quality with respect to Plaintiff's hand-held, air-operated power tools and replacement parts therefore.

45. Plaintiff has suffered and will continue to suffer substantial damage to its

**PLAINTIFF'S ORIGINAL COMPLAINT, JURY DEMAND AND**
**APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**
D-2007017_1.DOC

- 10 -

business, reputation, and goodwill, and will continue to suffer the loss of sales and profits that Plaintiff would have made but for Defendants' acts.

46. Defendants' conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to attorneys' fees and other costs the Court considers just and equitable.

### *Count Three: Unfair Competition/Misappropriation*

47. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 46 as though set forth fully herein.

48. Plaintiff's predecessors developed the VIKING Mark and VIKING Logo through extensive time, skill, labor and money. In connection with the advertisement, marketing, and sale of their products, Defendants have exploited the reputation and goodwill associated with the VIKING Mark and VIKING Logo in competition with Plaintiff to gain a competitive advantage.

49. Defendants gained a particular advantage because they were not burdened with the expenses incurred by Plaintiff in developing the goodwill and reputation of the VIKING Mark and VIKING Logo.

50. By these actions, Defendants have gained a financial benefit for themselves and have caused financial loss and damages to Plaintiff.

51. Such actions by Defendants have caused and will continue to cause Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law.

### *Count Four: Injury to Business Reputation or Trademark/Dilution Under Texas State Law*

52. Plaintiff refers to and incorporates by reference the allegations contained in Paragraphs 1 through 51 as though set forth fully herein.

53. Defendants' use of Plaintiff's trademarks (or confusingly similar words or phrases) is likely to injure Plaintiff's business reputation and to dilute the distinctive quality of

Plaintiff's trademarks and the products and services associated with Plaintiff's trademarks in violation of TEX. BUS. & COM. CODE § 16.29.

54. By these actions, Defendants have gained financial benefit for themselves and have caused financial loss and damages to Plaintiff.

55. Such actions by Defendants have caused and will continue to cause Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law.

## V.

## REQUEST FOR INJUNCTIVE RELIEF

56. Plaintiff refers to and incorporates by reference the allegations contained in Paragraphs 1 through 55 as though set forth fully herein.

57. Defendants have violated 15 U.S.C. §§ 1114(1)(a), 1125(a), and 1125(d), and Tex. Bus. & Com. Code § 16.29, and Plaintiff is therefore entitled to injunctive relief under 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.29.

58. Plaintiff requests that the Court issue preliminary and permanent injunctive relief enjoining Defendants and their officers, directors, agents, employees, successors, assigns and attorneys, and all other persons or entities in active concert or participation with Defendants who receive notice of the injunction by personal service or otherwise, from doing, aiding, causing or abetting the following:

(a) engaging in any acts or activities directly or indirectly calculated to trade upon Plaintiff's trademarks, names, logos, reputation or goodwill, including any further use of marks that are identical or confusingly similar to the VIKING Mark or the VIKING Logo;

**PLAINTIFF'S ORIGINAL COMPLAINT, JURY DEMAND AND**
**APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**
D-2007017_1.DOC

- 12 -

 (b) directly or indirectly using in commerce a reproduction, counterfeit, copy, or colorable imitation of the VIKING Mark or VIKING Logo in connection with the sale, offering for sale, distribution, or advertisement of any goods and/or services without authorization from Plaintiff;

 (c) directly or indirectly using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with the sale of Defendants' products or services, including any representation that Defendants are affiliated with Plaintiff;

 (d) passing off, inducing or enabling others to sell or pass off, as products or services produced by or for or distributed with authorization of Plaintiff, any product or service that is not the product or service of Plaintiff, is not produced under the control or supervision of Plaintiff, is not approved by Plaintiff, or is not distributed with Plaintiff's express authorization;

 (e) committing further acts that are likely to injure Plaintiff's business reputation or to dilute the distinctive quality of Plaintiff's trademarks in violation of Tex. Bus. & Com. Code § 16.29;

 (f) otherwise engaging in competition unfairly; and

 (g) registering or attempting to register any trademark at the state or federal level which is identical or confusingly similar to any of Plaintiff's trademarks.

59. Plaintiff will suffer immediate and irreparable damage, injury and harm for which there is no adequate remedy at law if Defendants are not immediately and permanently enjoined from the conduct listed above.

60. Public policy favors the protection of trademark rights and the prevention of unfair competition and damage to business reputation, and any injunctive relief granted herein will therefore be in accordance with public policy.

61. The potential damage to Plaintiff if the injunctive relief requested herein is not granted far outweighs any harm that Defendants will suffer as a result of the injunctive relief requested. Immediate and permanent injunctive relief is therefore appropriate.

## VI.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable by jury.

## VII.

## PRAYER

WHEREFORE, Plaintiff S & H Industries, Inc. prays that the Court grant the following relief:

1. Order that Defendants and their officers, directors, agents, employees, successors, assigns and attorneys, and all persons and entities in active concert or participation who receive notice of the injunction by personal services or otherwise, be enjoined and restrained preliminarily during the pendency of this action, and then permanently, from doing, aiding, causing, or abetting any of the following:

    (a) engaging in any acts or activities directly or indirectly calculated to trade upon Plaintiff's trademarks, names, logos, reputation or goodwill, including any further use of marks that are identical or confusingly similar to the VIKING Mark or the VIKING Logo;

**PLAINTIFF'S ORIGINAL COMPLAINT, JURY DEMAND AND**
**APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**
D-2007017_1.DOC

(b)  directly or indirectly using in commerce a reproduction, counterfeit, copy, or colorable imitation of the VIKING Mark or VIKING Logo in connection with the sale, offering for sale, distribution, or advertisement of any goods and/or services without authorization from Plaintiff;

(c)  directly or indirectly using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with the sale of Defendants' products or services, including any representation that Defendants are affiliated with Plaintiff;

(d)  passing off, inducing or enabling others to sell or pass off, as products or services produced by or for or distributed with authorization of Plaintiff, any product or service that is not the product or service of Plaintiff, is not produced under the control or supervision of Plaintiff, is not approved by Plaintiff, or is not distributed with Plaintiff's express authorization;

(e)  committing further acts that are likely to injure Plaintiff's business reputation or to dilute the distinctive quality of Plaintiff's trademarks in violation of Tex. Bus. & Com. Code § 16.29;

(f)  otherwise engaging in competition unfairly; and

(g)  registering or attempting to register any trademark at the state or federal level which is identical or confusingly similar to any of Plaintiff's trademarks.

2.  Order Defendants to file with the Court and serve upon counsel for Plaintiff within thirty (30) days after the entry of the permanent injunction prayed for in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction;

3. Order Defendants to account for and pay to Plaintiff all profits derived by reason of Defendants' acts alleged in this Complaint;

4. Order Defendants to pay Plaintiff all actual damages it has sustained as a result of Defendants' actions including, without limitation, damage to its business, reputation and goodwill, and the loss of sales and profits that it would have made but for Defendants' acts;

5. Find that this is an "exceptional" case pursuant to 15 U.S.C. § 1117;

6. Award Plaintiff treble damages pursuant to 15 U.S.C. § 1117;

7. Award Plaintiff its costs of suit, including reasonable and necessary attorneys' fees and expenses for the prosecution and appeal, if any, of this matter;

8. Award Plaintiff pre-judgment and post-judgment interest at the highest legal rate on all sums awarded in the Court's judgment; and

9. Award Plaintiff such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

/s/ Jason P. Bloom
David H. Harper
State Bar No. 09025540
Jason P. Bloom
State Bar No. 24045511

HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651.5000
Facsimile: (214) 651.5940

**ATTORNEYS FOR PLAINTIFF
S & H INDUSTRIES, INC.**