**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| S & H INDUSTRIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:11-CV-3988-M-BH |
| | § | |
| KARL SELANDER, *doing business as* | § | |
| Atcom Inc. aka Air Tool Corp of America, and | § | |
| ATCOA, INC., *also known as* Air Tool Corp. | § | |
| of America, | § | |
| | § | |
| Defendants. | § | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated January 3, 2012, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Based on the relevant filings and applicable law, Defendant ATCOA Inc.'s claims and/or defenses should be **STRICKEN** and the Court should find it to be in default.

**I. BACKGROUND**

On November 1, 2011, Plaintiff S & H Industries, Inc. (Plaintiff), filed this case against Defendant Karl Selander, d/b/a ATCOA Inc. aka Air Tool Corp of America (individual Defendant), Defendant ATCOA Inc. a/k/a Air Tool Corp of America (corporate Defendant), and two other defendants.[1] (*See* doc. 1.) On December 22, 2011, the individual defendant filed his answer *pro se* and also purported to file an answer on behalf of the corporate defendant. By order dated January 18, 2012, the individual defendant was advised:

---

[1] Plaintiff voluntarily dismissed the other two defendants on December 28, 2011. (*See* doc. 15.)

> The individual defendant in this case is not a licensed attorney. The corporate defendant must appear through licensed counsel within thirty days from the date of this order. If licensed counsel has not entered an appearance on behalf of the corporate defendant within that time, it will be recommended that its defenses be stricken without further notice and that the Court conduct further proceedings in accordance with the law, including but not limited to, entry of an order of default and/or default judgment.

(*See* doc. 19.) More than thirty days have passed, and no counsel has entered an appearance on behalf of the corporate defendant.

## II. ANALYSIS

Although individual defendants have the right to proceed *pro se*, corporate defendants are fictional legal persons who can only be represented by licensed counsel. *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See id.*

The individual defendant in this case has been specifically advised that the corporate defendant may only be represented by licensed counsel, and that the lack of an entry of appearance by counsel on its behalf within thirty days would result in a recommendation that its defenses be stricken and that further proceedings be conducted in accordance with the law, including but not limited to, entry of an order of default and/or default judgment. Because no attorney has entered an appearance on behalf of the corporate defendant in this case, it has failed to make an appearance in or otherwise defend this action.

## III. CONCLUSION

The Court should strike ATCOA Inc.'s claims and/or defenses, find it to be in default, and advise Plaintiff that it is entitled to move for default judgment against it.

**SO RECOMMENDED on this 7th day of March, 2012.**

                                               IRMA CARRILLO RAMIREZ
                                               UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                             IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE